UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANDREW ELLIOT,
    Plaintiff

v.

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF
JUSTICE, and UNITED STATES
DEPARTMENT OF LABOR,
    Defendants

CIVIL ACTION NO.
3:06-CV-1607 (JCH)

JULY 6, 2007

**RULING ON DEFENDANTS' MOTION TO DISMISS AND ON PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT, TO APPOINT COUNSEL, AND TO PROVIDE DEFENDANTS WITH MOTION TO REOPEN AND APPENDIX FOR CIVIL CASE 3:99-CV-1290 (EBB) [Doc. Nos. 6, 11, 18, 19, & 23]**

**I.    INTRODUCTION**

The plaintiff, Andrew Elliot, has filed a <u>pro se</u> complaint against the United States Department of Justice ("DOJ") and the United States Department of Labor ("DOL") ("defendants," collectively). The defendants have moved to dismiss Elliot's claims against them [Doc. No. 19]. Elliot has also filed two Motions to Appoint Counsel [Doc. Nos. 6 & 23], two Motions for Summary Judgment [Doc. Nos. 18 & 23], and a Motion to Provide Defendants with Plaintiff's Referenced "Motion to Reopen and Set Aside the Judgment" and its Factual Supporting Appendix Dated 2/9/2006 for the Underlying Civil Case Action 3:99-CV-1290 (EBB) [Doc. No. 11].

**II.    STANDARD OF REVIEW**

In deciding a motion to dismiss, the court takes the allegations of the Complaint as true, and construes them in a manner favorable to the pleader. <u>Hoover v. Ronwin</u>,

1

466 U.S. 558, 587 (1984); see Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).  The court must draw all reasonable inferences in the plaintiff's favor.  See, e.g., Yung v. Lee, 432 F.3d 132, 146 (2d Cir. 2005) (discussing Rule 12(b)(6) motion to dismiss); Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003) (internal citations omitted) (discussing Rule 12(b)(1) motion to dismiss).

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), considers whether the court lacks constitutional authority to adjudicate the suit.  Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000); see also Auerbach v. Board of Educ. of the Harborfields, 136 F.3d 104, 108 (2d Cir.1998).  In assessing a motion to dismiss for lack of subject matter jurisdiction, the court "accept[s] as true all material factual allegations in the complaint."  Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir.1998) (citing Scheuer, 416 U.S. at 236).  However, the court refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]."  Id. (citing Norton v. Larney, 266 U.S. 511, 515 (1925)).  On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint.  Makarova, 201 F.3d at 113; see also Malik v. Meissner, 82 F.3d 560, 562 (2d Cir.1996); In re Joint E. & So. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir.1993).  Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits."  Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir.2000).

## III. FACTS[1]

Andrew Elliot was formerly employed with Pratt & Whitney Aircraft for nineteen years. He claims that he was subjected to harassment and discrimination by his former supervisor, and that he was not given reasonable accommodations for his manic-depression. He was terminated on August 6, 1997.

In October and December 1997, Elliot filed complaints with the NLRB against his former union and the CCHRO against his former employer. In March 1998, Elliot filed a complaint with the DOL's Office of Federal Contract Compliance Programs ("OFCCP"), which closed his complaint in April because of the CCHRO's investigation. In October 1998, Elliot filed a complaint with the DOL's Wage and Hour Division regarding his supervisor's denial of his FMLA request, which complaint was denied in November 1999.

Elliot received a right to sue letter from the EEOC and filed a lawsuit against his former employer in 1999 (3:99-CV-1290 (EBB)). A jury trial was held in that case in August 2001, in which the jury returned a verdict for the defendant, Pratt & Whitney. Elliot unsuccessfully sought for a new trial, moved to reopen the case, and appealed.[2]

After filing more complaints with various sub-agencies of the DOJ and DOL, Elliot filed this complaint on October 13, 2006. Elliot claims that the federal

---

[1]The court takes the facts alleged by the Complaint [Doc. No. 1] as true for purposes of this motion and draws all reasonable inferences in the plaintiff's favor.

[2]With respect to Elliot's two appeals filed in that case: the Second Circuit affirmed the district court's ruling denying his motion for a new trial, and dismissed his appeal from the district court's denial of his motion to reopen/set aside judgment and motion for reconsideration. See Case No. 3:99-CV-1290 (EBB), Doc. Nos. 100, 114.

government, through the United States and the Departments of Justice and Labor, intentionally conspired with his former employer, Pratt & Whitney, its attorneys from Day, Berry & Howard, and his own former attorney to obstruct justice and deny him his rights under the American with Disabilities Act ("ADA"), the Connecticut Fair Employment Practices Act ("CFEPA"), and the federal Family Medical Leave Act ("FMLA"), in violation of 42 U.S.C. §§ 1983 and 1985, the Fifth and Fourteenth Amendments. He claims that the defendants intentionally failed to investigate Pratt & Whitney and U.S. Attorney O'Connor in order to protect them.

Among his many claims, Elliot alleges that his October 2002 letter to the U.S. Attorney's Office was improperly responded to by U.S. Attorney Kevin J. O'Connor, who had worked at Day, Berry & Howard prior to becoming U.S. Attorney. Elliot further alleges that Assistant U.S. Attorney Eric Glover, who was initially interested in addressing Elliot's concerns, improperly changed his mind after speaking to U.S. Attorney O'Connor. Elliot also claims that his various complaints to the OFCCP, DOL Wage and Hour Division, DOL Office of Inspector General, DOJ Disability Rights Section, Office of the President, Federal Bureau of Investigation, DOJ Office of Professional Responsibility, and DOJ Torts Branch were improperly denied or not addressed, because no one would go against the U.S. Attorney. He is presently seeking $20 million in compensatory and punitive damages as well as "a suitable merciless eternal damnation" for the federal officials named in his complaint. See Complaint at 21.

## IV. DISCUSSION

The defendants argue that Elliot's complaint should be dismissed for lack of subject matter jurisdiction. See Def.'s Memorandum in Support of Motion to Dismiss ("Mem. in Supp.") at 5 [Doc. No. 19]. "A plaintiff has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists. . . . Sovereign immunity is a jurisdictional bar, and a waiver of sovereign immunity is to be construed strictly and limited to its express terms." Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003) (citations omitted).

Indeed, it is axiomatic that "absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in nature, and the terms of the government's "consent to be sued in any court define [the] court's jurisdiction to entertain the suit." Markarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)) (quotations omitted).

Here, Elliot has not identified any basis upon which the court could conclude that either the DOJ or the DOL has waived sovereign immunity. "There has been no express waiver provided by Congress that would permit this suit to continue against the United States on the various grounds relied on by [Elliot]." See Eck v. Gallucci, 321 F. Supp. 2d 368, 373 (D. Conn. 2004). Moreover, to the extent any of Elliot's claims invoke this court's mandamus jurisdiction[3] to compel the government to take action,

---

[3] Mandamus jurisdiction arises "only where (1) the plaintiff has a clear right to the relief sought; (2) the defendant has a plainly defined and peremptory duty to perform the act in

those claims are barred because Elliot has not established that the defendants had a duty to investigate his charges against Pratt & Whitney or rule on his various administrative complaints.  See Heckman v. Olive, 1992 WL 390249, at *6 (E.D.N.Y. 1992) ("An agency's decision not to pursue an enforcement action is generally presumed immune from judicial review.").  The court therefore grants the defendant's Motion to Dismiss [Doc. No. 19].

## V. CONCLUSION

For the foregoing reasons, the court GRANTS the defendants' Motion to Dismiss **[Doc. No. 19]**.  Because this case is dismissed, the court also DENIES Elliot's two Motions to Appoint Counsel **[Doc. Nos. 6 & 23]**, two Motions for Summary Judgment **[Doc. Nos. 18 & 23]**, and a Motion to Provide Defendants with Plaintiff's Referenced "Motion to Reopen and Set Aside the Judgment" and its Factual Supporting Appendix Dated 2/9/2006 for the Underlying Civil Case Action 3:99-CV-1290 (EBB) **[Doc. No. 11]**.

The Clerk is ordered to close the case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 6th day of July, 2007.

       /s/ Janet C. Hall
       Janet C. Hall
       United States District Judge

---

question; and (3) no other adequate remedy at law is available."  Cisneros v. Reno, 1996 WL 18874, at *1 (S.D.N.Y. 1996).